UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Stephanie C. Herman-Scott**,**

                Plaintiff,

     v.

New York City Department of Health and
Mental Hygiene; Scheinman Arbitration and
Mediation Services, LLC,

                Defendants.

MEMORANDUM & ORDER

No. 23-cv-8103 (NRM) (LB)


**NINA R. MORRISON, United States District Judge:**

      Plaintiff Stephanie C. Herman-Scott brings this *pro se* action pursuant to Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").  Compl.,

ECF No. 1.  Plaintiff's request to proceed *in forma pauperis*, Mot. for Leave to Proceed

*in forma pauperis*, ECF. No. 2, is granted.  For the reasons discussed below, Plaintiff's

claims against Scheinman Arbitration and Mediation Services, LLC are dismissed.

Plaintiff's claims against the New York City Department of Health and Mental

Hygiene shall proceed.

## STANDARD OF REVIEW

      At the pleadings stage of the proceeding, the Court must assume the truth of

"all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal*

*Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556

U.S. 662, 678–79 (2009)).  A complaint must plead sufficient facts to "state a claim to

relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B).

## BACKGROUND

Plaintiff asserts that she served as a Public Health Assistant at the New York City Department of Health and Mental Hygiene ("NYCDOHMH"), where she was subject to a Covid-19 vaccine requirement. Compl. at 5, 9.[1] Plaintiff appears to allege that she sought, and was denied, a reasonable accommodation as to the vaccine requirement based on a sincerely held religious belief. *Id.* at 5–6. According to Plaintiff's complaint, she appealed that denial to Scheinman Arbitration and Mediation Services, LLC ("Scheinman Arbitration"), and Scheinman Arbitration denied her appeal "with no valid reason." *Id.* at 6, 9. Plaintiff claims she was subsequently terminated from her position at NYCDOHMH. *Id.* at 9.

Based on this series of events, Plaintiff brings the instant Title VII action, alleging discrimination based on her religion, against Defendants NYCDOHMH and

---

[1] The Court refers to the page numbers assigned by the Court's Electronic Case Filing ("ECF") system.

Scheinman Arbitration.  She seeks reinstatement to her former position and backpay. *Id.* at 16.

## DISCUSSION

Plaintiff's claims against Scheinman Arbitration must be dismissed as that party is not subject to liability under Title VII based on the facts alleged.  Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).  Title VII is "available only to employees (or prospective employees) seeking redress for the unlawful employment practices of their employers." *Kern v. City of Rochester*, 93 F.3d 38, 45 (2d Cir. 1996) (citation omitted). Therefore, "'the existence of an employer-employee relationship is a primary element of Title VII claims.'" *Felder v. U.S. Tennis Ass'n*, 27 F.4th 834, 838 (2d Cir. 2022) (quoting *Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006)).  An entity qualifies as an employer under Title VII where the entity "significantly affects access of any individual to employment opportunities" through the "authority to hire or fire [the plaintiff], to supervise her work or conditions of employment, to determine her rate or method of pay, or to maintain records of her employment." *Kern*, 93 F.3d at 45.

Plaintiff's complaint, liberally construed, does not allege the existence of an employer-employee relationship between Plaintiff and Scheinman Arbitration.

Therefore, while Plaintiff's action against NYCDOHMH may proceed, her claims against Scheinman Arbitration are dismissed.

**CONCLUSION**

Accordingly, Plaintiff's claims against Scheinman Arbitration are dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to terminate this Defendant from the action.

Plaintiff's claims against the NYCDOHMH shall proceed. The Clerk of Court shall issue a summons and the United States Marshals Service is directed to serve the summons, complaint, and this Order upon this Defendant without prepayment of fees. A courtesy copy of the same papers shall be forwarded to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

The case is referred to Magistrate Judge Lois Bloom for pretrial supervision. For information regarding court procedures, Plaintiff may contact the Pro Se Office at the United States Courthouse for the Eastern District of New York by calling (718) 613-2665.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully requested to serve a copy of this Order on Plaintiff at the address of record and note service on the docket by December 19, 2023.

SO ORDERED.

/s/ NRM
_____
NINA R. MORRISON
United States District Judge

Dated:     December 18, 2023
           Brooklyn, New York